RAFAELA SERRANO, ETC., Plaintiff and Appellee, v. MARÍA VEGA, Defendant and Appellant.

No. 9003.  Argued November 9, 1944.—Decided March 12, 1945.

*Buenaventura Esteves* for appellant. *Herminio Rodríguez Quiñones* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

This is a suit for the delivery of personal property. The plaintiff, Rafaela Serrano, with *patria potestas* over her infant daughter, Felícita Guerrero Serrano, sued on behalf of the latter, alleging that Felícita was the legitimate daughter of the plaintiff and of Adrián Guerrero Vega; that the plaintiff and Adrián Guerrero had been married, but were divorced after the birth of Felícita; that Adrián Guerrero died in 1943, leaving Felícita as his only legitimate child and as his sole and universal heir; that at the time of his death Adrián Guerrero owned the stock of merchandise in a dry goods store which is being claimed herein; and that the said merchandise, which was worth $1,000, was being illegally detained by the defendant, who was the mother of the deceased. After a trial on the merits, the district court entered judgment for the plaintiff. The case is here on appeal from that judgment.

The defendant contends that the lower court committed manifest error in weighing the evidence and was moved by passion, prejudice, and partiality. We find nothing in the record to sustain this contention. The defendant alleges in this connection that she had delivered $500 to her son before the latter's death in order that he could go into business with the understanding that she would share in the

profits. The district court did not believe this testimony. It found, and there was ample testimony to sustain its conclusion, that the deceased had started his store with money that he received from the partition of the estate of his second wife who had predeceased him.

In the same manner, the evidence was sufficient for the lower court to find that Felícita was the only child of Adrián Guerrero. There was no satisfactory proof that he was the father of other natural children.

■ The defendant also assigns as error the order of the district court overruling her demurrer. This contention is without merit. The sworn complaint herein satisfied the requirements of § 171, Code of Civil Procedure, 1933 ed., with the possible exception of the requirement of paragraph 4 thereof that the plaintiff must assert under oath that the property being claimed "has not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff . . ." However, although there is no specific statement to this effect, when the complaint is read as a whole, the affirmative allegations as to the present status and location of the property involved herein obviously negative the possibility that the said property has been attached. See *Central Pasto Viejo, Inc.* v. *A. Pérez & Hno.*, 44 P.R.R. 879, 883.

■ The defendant next contends that liquidation of the estate of Adrián Guerrero was a condition precedent to the claim herein. The rule in this jurisdiction is to the contrary. An heir can revendicate a part of an estate—and by the same token, he can claim personal property—without such a liquidation. *Succession of Jesús et al.* v. *Pérez et al.*, 28 P.R.R. 297. See also *Delgado et al.* v. *Encarnación et al,* 35 P.R.R. 273; *Allende* v. *Registrar of San Juan*, 28 P.R.R. 529; *Hernández* v. *Heirs of Córdova*, 32 P.R.R. 274; *Santini et al.* v. *Díaz San Miguel et al.*, 27 P.R.R. 746. There is nothing in the holdings or language of the cases cited by the

defendant, *Morales* v. *Cabrera*, 53 P.R.R. 90; *Ex parte Cautiño*, 51 P.R.R. 460, which bears on this point.

■ There was no error in admitting in evidence the certificate of the Collector of Internal Revenue of San Sebastián to the effect that a license to sell non-alcoholic toiletry had been issued to Adrián Guerrero (§§ 433, 411, Code of Civil Procedure, 1933 ed.). In any event, the error, if any, could not have been prejudicial. There was ample testimony without this certificate to sustain the conclusion that Guerrero owned the store.

■ The defendant assigns as error the refusal of the lower court to admit testimony as to medical and funeral expenses allegedly paid by the defendant. We fail to see how such expenses constitute a defense to a claim for delivery of personal property. The defendant did not affirmatively file a cross-claim therefor, as she might have been entitled to do. The way may still be open to her to prosecute her claim against the estate or the heirs for such expenses if she can establish them. But such a claim does not constitute a defense herein.

The imposition of costs on the defendant as the losing party was mandatory (*Blanes* v. *González*, 60 P.R.R. 553: *Housing Authority* v. *Hutton*, 60 P.R.R. 450). The lower court granted to the plaintiff attorney's fees of $125. The facts and circumstances of this case warranted this award.

The other errors assigned are too trivial for discussion. They have been examined and found to be without merit.

The judgment of the district court will be affirmed.